UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA BEEF, LTD., <br> a Nebraska Limited Partnership, <br><br> Plaintiff, <br><br> v. <br><br> MEYER FOODS HOLDINGS, L.L.C., <br> a Delaware Limited Liability Company, <br> and MEYER NATURAL FOODS, L.L.C., <br> a Delaware Limited Liability Company, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 8:09-CV-43 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

The parties (the term "parties" is defined herein as any party to this action, including all present officers, directors, current employees, consultants, retained experts, and outside counsel (and their support staff)), by stipulation, having jointly moved this Court for a protective order of confidentiality based on the fact that discovery, including, but not limited to, interrogatories, requests for admissions, document requests, and depositions, exhibits, declarations, and affidavits, in the above entitled action may involve the production or disclosure of trade secrets or sensitive commercial, financial, or proprietary information and confidential medical records, income, employment, and other personal records;

IT IS HEREBY ORDERED that:

1. **"CONFIDENTIAL MATERIAL."** As used in this Consent Protective Order of Confidentiality, the term "Confidential Material" refers to any discovery material

produced by the any of the parties to the above referenced action, which said party reasonably and in good faith believes contains or discloses the following:

    (a)    confidential research, development, or commercial information, including but not limited to sensitive pricing and financial data,

    (b)    technical information, trade secrets, proprietary or sensitive nonpublic commercial information, including but not limited to Hazard Analysis and Critical Control Point (HACCP), Standard Operating Procedures (SOP), Sanitation Standard Operating Procedures (SSOP);

    (c)    information involving privacy interests of third parties or parties;

    (d)    information involving the medical, physical, and/or psychological condition of parties or third parties; and

    (e)    other commercially and/or competitively sensitive information of a non-public nature, or received on a confidential basis that is entitled to protection pursuant to Nebraska Rules of Court.

Discovery material may be so designated by stamping "CONFIDENTIAL" on each such document or by using such other procedures as may be agreed upon in writing by the parties.

    2.    In the event that any documents, materials, testimony, or other matters produced during the course of discovery or trial are designated as "Confidential" in accordance with this Order, such documents, materials, testimony, or other matters, and the information therein, shall be maintained in confidence and shall be subject to the remaining provisions of this Order.

3. Subject to paragraph 6 below, any and all documents, materials, testimony, or other matters developed during the course of discovery and designated as "Confidential" shall be used solely for the purpose of this lawsuit and for no other purpose, including without limitation any business or competitive purpose.

4. When any Confidential information is embodied in any document which is ultimately filed with this Court, it shall be designated as Confidential and shall be maintained under seal of the Clerk of the Court to the extent permitted by law, or subsequently agreed to by the parties. Such documents shall be filed under seal pursuant to NECivR 7.5.

5. Any document designated by counsel for either party as confidential shall be marked "Confidential." If the confidentiality label is inadvertently omitted, the producing person may subsequently request that the receiving party treat previously produced documents as "Confidential" by sending copies appropriately marked. The receiving party shall comply with the request to the extent that the documents or contents thereof have not already been disclosed beyond those permitted access in paragraph 6 *infra*.

6. **ACCESS TO CONFIDENTIAL MATERIAL.** Access to confidential material shall be limited to authorized persons in the performance of their duties in connection with trial preparation in this case. Authorized persons include:

> (a) Counsel of record, parties, parties' representatives, and fact witnesses to this civil action who have consented to this Consent Order of Confidentiality and signed the Promise of Confidentiality (Exhibit A hereto);

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record;

(c) Outside experts and consultants retained by counsel of record who have first consented to this Consent Order of Confidentiality and signed the Promise of Confidentiality and agree in writing to be bound by its terms; and

(d) Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court.

7. Any deposition transcript, or portions thereof, containing "Confidential" information shall be so designated and if filed with the Clerk of this Court shall be held under seal of the Clerk and shall be so maintained until further order of this Court. Each party to this cause shall endeavor to designate those portions of deposition testimony which it deems confidential at the time of the deposition, but in no event later than thirty (30) days following receipt of the transcript from the reporter. Each party must treat deposition testimony as confidential until the period for making designations – thirty (30) days – expires. Each court reporter shall designate those portions of such deposition transcript(s) with the legend "Confidential" and shall place on the cover of any such transcript of confidential information the following legend.

> This transcript contains information designated confidential by counsel – to be filed in the Court under seal to the extent permitted by law.

8. The restrictions embodied in the present Order shall be binding on the party to whom such Confidential information is disclosed unless and until there is a

showing that: (i) information which is so designated as "Confidential" was or has become public knowledge absent a breach of the restrictions embodied herein, or (ii) such information was already known to the party to whom such disclosure was made by a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

9. The agreement of the parties to this Order shall not be construed as an agreement or admission: (i) that any material or document designated as "Confidential" is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential" or (iii) with respect to the authenticity, competency, relevant, or materiality of any document or thing designated as "Confidential."

10. Execution and entry of this Order does not preclude a party to the litigation from seeking relief from this Order or from seeking other relief or Protective Orders as may become appropriate or necessary. Both parties will cooperate one with another in presenting confidential information for hearings and for presentation at mediation and/or trial.

11. **COURT RECORDS.** In the event that any confidential material is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the confidential material shall be filed under seal pursuant to NECivR 7.5. Such confidential material shall, however, remain available to the personnel authorized by that court and to authorized persons. Where practicable, only the confidential portions of pleadings filed with the court will be filed under seal. If any confidential material is furnished to any court by any party, a

duplicate copy with the discrete confidential material deleted may be substituted in the public record, if appropriate.

    12.  **DEPOSITIONS.** If confidential material is used or referred to during depositions, counsel for the party claiming that the information is Confidential may serve a copy of this Consent Order of Confidentiality upon the deponent (and his or her attorney), the court reporter, and the camera operator, and require that each sign the Promise of Confidentiality prior to further questioning.

    Counsel for the party claiming that the information is Confidential may state on the record at the deposition that the deposition includes information claimed to be confidential material. Within a reasonable time, but in no event later than thirty (30) days after receipt of the completed deposition transcript, Counsel making such claim may then specifically designate, by page and line, the portions of the deposition for which the claim of confidentiality is made, and give written notice of this designation to the court reporter and all other parties. If the claim of confidentiality is made at the time of the deposition, the deposition and all exhibits shall be treated in their entirety as confidential material until such time as the designation of confidential material is provided to the court reporter and to all parties. If a party fails to make such designation within thirty (30) days of receipt of the deposition transcript, the claim of confidentiality shall be waived.

    13.  **TRIAL.** If, at the time of trial, a party intends to introduce into evidence any information designated as confidential, the introducing party shall give notice of that intention to the Court. At such time, the parties and the Court shall confer to determine

the manner in which such materials are be utilized during and/or introduced into evidence during trial.

14.     **JURISDICTION.**  This Court shall retain jurisdiction indefinitely with respect to enforcement of and/or any dispute regarding the improper use of confidential material, to modify the terms of this Order, or to enter further Orders regarding confidential material, as may be necessary.

15.     **NO PRIVATE CAUSE OF ACTION.** This Consent Order of Confidentiality shall not create any private cause of action.

16.     **NO WAIVER.** The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials or information produced.

17.     All Confidential information supplied to receiving counsel, and copies thereof, shall be returned to producing counsel within thirty (30) days of the termination of this action upon written request, or shall be otherwise disposed of in a manner agreeable to both parties.  The term "termination of this action" shall mean the conclusion of this litigation in its entirety whether by judgment, dismissal, or appeal. Except for one archival copy, all summaries and condensations shall be destroyed at such time, with confirmation sent to opposing counsel within thirty (30) days of the termination of this action.

18.     This Order shall be without prejudice to the right of either party to bring before the Court at any time questions of whether any particular information is or is not "Confidential" at which time the producing party bears the burden of proving that the information shall be "Confidential."

19. The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other relevant privilege shall not constitute waiver of the applicable privilege. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the documents in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

DATED this 30th day of April, 2010.

s/ F.A. Gossett
Hon. F.A. Gossett, III
United States Magistrate Judge

CONSENTED TO:

_____
Alan M. Maxwell
Charles L. Clay, Jr.
Michael A. Sexton
Pro Hac Vice
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
950 East Paces Ferry Road, Suite 3000
Atlanta, Georgia 30326
Telephone: 404-876-2700
Facsimile: 404-875-9433

_____
William M. Lamson, Jr.
Brian J. Brislen
Cathy S. Trent-Vilim
Lamson, Dugan and Murray, L.L.P.
10306 Regency Parkway Drive
Omaha, Nebraska 68114-3743
Telephone: 402-397-7300
Facsimile: 402-397-7824

_____
Michael K. Huffer #18087
Ronald F. Krause #15980
Cassem, Tierney, Adams, Gotch & Douglas
8805 Indian Hills Drive – Suite 300
Omaha, Nebraska 68114
Telephone: 402-390-0300
Facsimile: 402-390-9676

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NEBRASKA BEEF, LTD., )
a Nebraska Limited Partnership, )
　)
　　Plaintiff, )
　)
v. ) Case No. 8:09-CV-43
　)
MEYER FOODS HOLDINGS, L.L.C., )
a Delaware Limited Liability Company, )
and MEYER NATURAL FOODS, L.L.C., )
a Delaware Limited Liability Company, )
　)
　　Defendants. )

### EXHIBIT A TO CONSENT PROTECTIVE ORDER OF CONFIDENTIALIY

### PROMISE OF CONFIDENTIALITY

I hereby acknowledge and affirm that I have read the terms and conditions of the Consent Protective Order of Confidentiality that was issued by the United States District Court for the District of Nebraska in this matter. I understand the terms of the Order and consent to be bound by its terms as a condition to being provided access to any confidential documents furnished by any of the parties in the above referenced action. Further, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Consent Order of Confidentiality.

THIS THE _____ DAY _____, 2010.

_____
Name

_____
Firm

_____
Address

-2-

_____
City

_____
State/Zip Code

_____
Telephone Number

Witness my hand and seal this _____ day of _____, 2010.

(SEAL)

State of _____

County of _____

    I, _____, a notary public for this county and state, certify that _____, whose name is signed to the foregoing instrument, and who is know to me, acknowledged before me on this day that, being informed of the contents of the instrument, [s]he executed the same voluntarily on the day the same bears date.

_____
Notary Public
My Commission Expires: _____